UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS COLE, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br> PAUL TALBOT, </br> WEXFORD HEALTH CARE SERVICES, INC., </br></br>　　　　Defendants. | No. 1:19-cv-04601-JPH-TAB |

**ENTRY SCREENING COMPLAINT AND DISMISSING INSUFFICIENT CLAIM
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Thomas Cole, an inmate now housed at Miami Correctional Facility, brings this 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to his serious medical issue, hepatitis C (HCV), while he was incarcerated at Pendleton Correctional Facility.

**I. Screening Standard**

Because Mr. Cole is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915(A)(b). This statute directs that the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

1

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Cole's Complaint

In his complaint, Mr. Cole names (1) Dr. Paul Talbot, in his individual capacity; and (2) Wexford Health Care Services, Inc. (Wexford), as defendants. Dkt. 1. Mr. Cole seeks compensatory and punitive damages and injunctive relief in the form of interferon treatment for his HCV. *Id.* at 4.

Mr. Cole alleges that on or about April 2017, he discovered through prison medical staff that he had HCV. *Id.* at 2. Mr. Cole alleges that since his diagnosis, he "has been told he was 'on the list' for treatment. And only has been given the run around." *Id.* Mr. Cole alleges that Dr. Talbot and Wexford "have shown deliberate indifference for his hepatitis C." *Id.* Mr. Cole alleges that he has experienced "downgraded, delayed and or denied medical treatment and no interf[e]ron" and that "the threat was obvious." *Id.* at 3. As a result, Mr. Cole alleges that he has suffered pain and scarring to his liver. *Id.*

## III. Discussion of Claims

Liberally construing the complaint, the Court discerns an Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Talbot. This **deliberate indifference claim against Dr. Talbot shall proceed.**

Mr. Cole's **claim against Wexford must be dismissed**. Because Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Cole must allege that he suffered a

constitutional deprivation as a result of an express policy or custom of Wexford. Because Mr. Cole makes no such allegations against Wexford, his **claim against Wexford must be dismissed for failure to state a claim upon which relief can be granted.**

### IV. Issuance of Process

The **clerk is directed** to issue process to defendant Dr. Paul Talbot in a manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Dr. Talbot is identified as an employee of Wexford. **A copy of this Entry shall be served on Wexford electronically. Wexford is ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

### V. Conclusion

This action shall proceed with Mr. Cole's deliberate indifference claim against defendant Dr. Talbot. **All other claims are dismissed**. The **clerk is directed to update the docket to terminate Wexford as a defendant.**

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Cole believes he asserted claims that are not discussed in Part III, he **shall have through July 2, 2020**, to notify the Court.

The **clerk is directed** to issue process to the defendant according to Part IV above.

**SO ORDERED.**

Date: 6/10/2020

                                                   *James Patrick Hanlon*
                                                   James Patrick Hanlon
                                                   United States District Judge
                                                   Southern District of Indiana

Distribution:

THOMAS COLE
205182
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

Copies by US Mail:

Dr. Paul Talbot
Medical Employee
Reception Diagnostic Center
737 Moon Road
Plainfield, IN 46168